Filed 6/7/24  P. v. Nguyen CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LINH NGOC NGUYEN,<br><br>    Defendant and Appellant. | D081433<br><br><br>(Super. Ct. No. SCD159918-02) |

APPEAL from an order of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, A. Natasha Cortina, Supervising Deputy Attorney General, Felicity Senoski and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

Linh Ngoc Nguyen appeals an order denying his petition for resentencing under former Penal Code section 1170.95 (now section 1172.6)[1] based on changes to the felony murder rule and the natural and probable consequences doctrine (Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019)). He contends the court erroneously denied his petition at the prima facie stage and we should remand for the court to hold an evidentiary hearing because the record, especially the jury instructions as a whole, did not clearly establish that he was ineligible for relief as to his seven convictions for premeditated attempted murder. We affirm the court's order.

FACTUAL AND PROCEDURAL SUMMARY

A. *Facts*

The statement of facts is taken from this court's nonpublished opinion, *People v. Linh N. Nguyen et al.*, D039710 (Apr. 4, 2003), which the trial court relied on as well. In that opinion, we affirmed the judgment as to Nguyen and his brother, Cuong Nguyen (Cuong). We set out some pertinent facts for context, but do not rely on them in resolving this appeal.

On the night of February 17, 2001, Nguyen and his companions were outside a café. A group of people approached and started saying things that Nguyen interpreted as disrespectful.

Nguyen told his companions he knew the other people from school and had problems with them before. Nguyen was angry but kept saying he was going to "let this slide." Finally, he could not take it anymore. He drove his car to a nearby laundromat, and said he was going to "blast 'em." Nguyen

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We refer to the statute throughout as section 1172.6.

telephoned a relative and told him to bring Cuong, who arrived. The others left and only Nguyen and Cuong remained.

Thai Thanh Pham, the most vocal person taunting Nguyen, was the only one in that group wearing a red jacket. Pham went home shortly after interacting with Nguyen and was not present when Nguyen returned in his car to the front of the café, with Cuong as his front seat passenger.

Some of Pham's friends who were outside the café noticed the defendants looking at them as Nguyen drove around in the parking lot. Defendants drove up near the group and called out to them. Defendants accused the group of "talking shit," said they were looking for the "guy in a red jacket," and suggested they "go down the street and handle this." After both parties exchanged more words, Cuong suddenly reached down and pulled out a gun. The people ducked for cover behind cars and began running. Cuong started shooting from the open window of the car and Nguyen sped away. Investigators recovered nine 9-millimeter shell casings from the scene. A piece of metal hit one of the victims near his eye, causing slight bleeding.

The jury convicted Nguyen of conspiracy to commit murder under section 182, subdivision (a)(1), and seven counts of attempted murder, finding true allegations that the offenses were willful, deliberate and premeditated within the meaning of section 189. As to all counts, the jury found true an allegation that Nguyen was armed with a handgun during the commission of the crimes. (§ 12022, subd. (a)(1).)

The trial court sentenced Nguyen to prison for 25 years to life on the conspiracy count plus a consecutive term of life with the possibility of parole on the first attempted premeditated murder count.

B. *Senate Bill No. 1437*

The Legislature approved Senate Bill No. 1437, which went into effect on January 1, 2019. Senate Bill No. 1437 significantly limited the scope of the felony-murder rule and eliminated liability for murder under the natural and probable consequences doctrine through two key provisions. First, it amended section 189 so that "[d]efendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life[.]' " (*People v. Strong* (2022) 13 Cal.5th 698, 708.) Second, it amended section 188 to provide that when the felony-murder rule does not apply, a principal in the crime of murder can only be convicted if he or she acted "with malice aforethought," and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill No. 1437 also created a resentencing procedure, which is now set forth in section 1172.6. (Stats. 2018, ch. 1015, § 4.) It provides: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1172.6, subd. (a).)

A petitioner initiates the process by filing a declaration averring that: (1) a charging document was filed against the petitioner allowing the prosecution to proceed under a theory of felony murder, natural and probable

consequences murder, murder under another theory by which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) the petitioner was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder; and (3) the petitioner could not presently be convicted of murder or attempted murder because of the changes to the murder laws that were implemented by Senate Bill No. 1437. (§ 1172.6, subds. (a)(1)-(3), (b)(1).) If the petitioner states a prima facie case for relief, the court must issue an order to show cause and schedule an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction, recall the sentence, and resentence the petitioner on any remaining counts. (*Id.,* subds. (c), (d)(1).)

At the hearing, the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder or attempted murder under the amended laws. (§ 1172.6, subd. (d)(3).) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

C. *The Resentencing Petition Proceeding*

In 2022, Nguyen filed a form petition for resentencing as to his premeditated attempted murder convictions under section 1172.6, alleging all the required elements for a prima facie showing under section 1172.6, subdivision (a). The court appointed counsel for Nguyen.

The People opposed Nguyen's petition, arguing that since attempted murder requires express malice, Nguyen's conviction for this crime was

5

unaffected by the new law. Moreover, they argued the jury found true that the attempted murders were willful, deliberate, and premeditated. The People stated that on appeal this court held substantial evidence supported the jury's conclusion Nguyen had the intent to kill; therefore, that holding was "law of the case" and precluded relief.[2] Finally, the People explained that the verdicts were based on direct aiding and abetting theories, and not on the natural and probable consequences doctrine.

In reply, defense counsel set forth the law generally and argued Nguyen had "met his burden of production and made a prima facie showing that he is eligible for relief," such that the matter should proceed to an evidentiary hearing.

In denying the petition, the court ruled "the record of conviction makes clear [Nguyen] was not convicted of attempted murder as an accomplice under the natural and probable consequences doctrine . . . . Rather, [he] was convicted of attempted murder, acting with premeditation. A review of the court file reveals that the jury was given instructions on premeditation and made specific findings that [Nguyen] acted willfully, deliberately, and with premeditation."

DISCUSSION

Nguyen does not claim he was eligible for relief on the conspiracy to commit murder conviction. He instead contends the record of conviction does not clearly establish that he is ineligible for resentencing on his attempted

---

[2]     This court concluded on direct appeal: "The record amply supports a finding of intent to kill. The jury could infer intent to kill from [Nguyen's] statement that he was going to 'blast 'em' and Cuong's conduct of opening fire on a group of people. Defendants armed themselves, circled the parking lot, specifically sought out a confrontation, and then fired in a manner which could have hit and killed numerous victims."

6

murder convictions: "Yes, when the jurors were instructed that to find [him] guilty of the crime of conspiracy to commit murder, they were told they had to find that he 'harbored express malice aforethought, namely, a specific intent to kill' another person. However, the conspiracy to commit murder jury instruction does not make [him] absolutely ineligible for relief on the attempted murder counts [ ]. That is so, because the jury instructions on attempted murder, coupled with the instructions on the general rules of conspiracy, permitted the jury to find [him] guilty of the premeditated murder counts as an accomplice who did not have the specific intent to kill Pham's friends."

Nguyen specifically argues that under CALJIC No. 8.66,[3] the jurors were not required to find he "was *the* person who committed the ineffectual act towards killing another human being, or that he was the person who intended to kill another human being. This point is significant since the facts undoubtedly established that it was [his] brother, Cuong, not [him], who reached down for the gun and started shooting out the open window of [the] car."

Nguyen also argues that "the jury instructions, as a whole, permitted the jurors to base his liability for the attempted murder counts on his

---

[3]     The jury was instructed with CALJIC No. 8.66, which provided in part: "[Defendant is accused [in Count[s] 2-8] of having committed the crime of attempted murder, in violation of sections 664 and 187 . . . .] [¶] Every person who attempts to murder another human being is guilty of a violation of . . . sections 664 and 187. [¶] Murder is the unlawful killing of a human being with malice aforethought. [¶] In order to prove attempted murder, each of the following elements must be proved: [¶] 1. A direct but ineffectual act was done by one person towards killing another human being; and [¶] 2. The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being."

brother's unilateral actions of shooting at people even after [Pham] was not found among them. Certainly, Cuong's shooting into the crowd of people outside the café could have been interpreted as a natural and probable consequence of the original agreement to kill [Pham]. [¶] But, [Nguyen's] intent to kill could have dissipated once he realized that his brother really was going to shoot at a crowd of people that no longer included Pham."

A. *Applicable Law*

The trial court's prima facie inquiry under section 1172.6 is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Ibid.*) Further, it must refrain from " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) However, "the court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law." (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931.)

 "We independently review a trial court's determination on whether a petitioner has made a prima facie showing." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

Section 1172.6 applies by its terms only to attempted murders based on the natural and probable consequences doctrine. (§ 1172.6, subd. (a) ["A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition"].)

8

B. *Analysis*

The court did not instruct the jury on the natural and probable consequences doctrine. "[I]f the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law." (*People v. Harden, supra,* 81 Cal.App.5th at p. 52.) Rather, the court instructed the jury regarding aiding and abetting with CALJIC Nos. 3.00 and 3.01. " 'Direct aiding and abetting remains a valid theory of attempted murder.' " (*People v. Coley* (2022) 77 Cal.App.5th 539, 548; *People v. Sanchez* (2022) 75 Cal.App.5th 191, 196-197.)

Nguyen failed to make a prima facie showing that he was entitled to relief because the record of conviction demonstrates that he was convicted of attempted murder as a direct aider and abettor. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.) As stated, the court instructed the jury with CALJIC No. 8.66 that to convict Nguyen of attempted murder it was required to find the "person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." Thus to find Nguyen guilty of attempted murder, the jury had to find that the perpetrator intended to kill, that Nguyen knew the perpetrator intended to kill, and that Nguyen himself intended to commit, encourage, or facilitate the killing. These combined findings are equivalent to a finding that Nguyen shared the perpetrator's express malice. (See *People v. Beeman* (1984) 35 Cal.3d 547, 560 ["an aider and abettor will 'share' the perpetrator's specific intent when he or she knows the full extent of the perpetrator's criminal purpose and gives aid or encouragement with the intent or purpose of facilitating the perpetrator's commission of the crime").] Accordingly, by finding Nguyen guilty of attempted murder, the jury necessarily concluded he

9

shared Cuong's intent to kill. Nguyen is therefore ineligible for relief as a matter of law. (*People v. Coley, supra,* 77 Cal.App.5th at pp. 547-548 [absent justification or excuse, jury finding of intent to kill conclusively precludes eligibility for resentencing under section 1172.6].)

Nguyen relies on *People v. Whitson* (2022) 79 Cal.App.5th 22 for his claim he is eligible for relief based on the trial court's instruction of the jury with CALJIC No. 8.67 as follows: "To constitute willful, deliberate and premeditated murder, the would-be slayer must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, decides to kill and makes a direct but ineffectual act to kill another human being." He argues, "[I]t was clear that Cuong, and not [Nguyen], was the 'would-be slayer' who reached down, pulled out a gun and shot at the people in the parking lot through the open car window. [Nguyen] was the one who sped away and out of the parking lot."

That case is inapposite. A jury convicted Whitson of first degree murder, three counts of willful, premeditated, and deliberate attempted murder, and conspiracy to murder in a drive-by shooting case. (*Whitson, supra,* 79 Cal.App.5th at pp. 25, 27.) Unlike here, the trial court instructed the jury on the natural and probable consequences doctrine on all five counts. (*Id.* at p. 29.) On appeal from a summary denial of Whitson's petition for resentencing, the court affirmed the order on the conspiracy count but reversed and remanded the matter on the murder and attempted murder counts. (*Id.* at p. 30.)

Most of the *Whitson* opinion addresses the conspiracy to murder issue. In a brief single paragraph entitled, "Attempted Murder Convictions," the court noted the parties agreed "that the matter must be reversed and remanded with respect to the attempted murder convictions as well [as the

10

murder conviction]." (*Whitson, supra,* 79 Cal.App.5th at p. 33.) The court quoted part of CALJIC No. 8.67: " 'To constitute willful, deliberate, and premeditated attempt to commit murder, the would-be slayer must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, decides to kill and makes a direct but ineffectual act to kill another human being.' " (*Whitson,* at p. 33.) The court stated, "Based on this language, and in particular the possibility that the jury considered [the shooter], and not Whitson [the driver][,] to be the would-be slayer, we cannot conclude as a matter of law that the jury found Whitson himself harbored the intent to kill." (*Ibid.*)

The *Whitson* court did not analyze this issue in any detail. Instead, it essentially accepted a stipulation between the parties—a concession by the Attorney General to Whitson's contention—that it was appropriate to remand the attempted murder counts for further consideration. The Attorney General has made no such concession here.

In any event, in arguing the "would-be slayer" language in CALJIC No. 8.67 could have caused his jury to impute Cuong's malice to him, Nguyen ignores the preamble to that instruction. It requires the jury to find the defendant guilty of attempted murder *before* considering the truth of the allegation "that the crime attempted was willful, deliberate, and premeditated murder." (CALJIC No. 8.67.) Thus the jury already had determined Nguyen shared Cuong's intent to kill and was guilty as an aider and abettor of attempted murder when it considered whether the crimes were willful, deliberate, and premeditated. CALJIC No. 8.67 does not concern the requisite intent or mental state for conviction of attempted murder. And assuming—as we must—that Nguyen's jury understood and followed the instructions given, it had no bearing on the jury's underlying determination

11

of his guilt on the attempted murder charges. (See *People v. Buenrostro* (2018) 6 Cal.5th 367, 431 [we presume jurors understand and follow the instructions they are given, including the written instructions].)

Finally, even assuming the instruction did not require the jury to find Nguyen personally premeditated the crimes in order to find the allegations true, our conclusion about Nguyen's ineligibility for section 1172.6 relief would not change. Section 1172.6 relief is available only to a defendant convicted under a theory of imputed *malice*, not imputed *premeditation*. (§ 1172.6, subd. (a); see *People v. Smith* (2005) 37 Cal.4th 733, 739-740 [attempted murder requires specific intent to kill, and the prosecution may seek an *additional* finding of premeditation "for purposes of sentence enhancement"].) According to the instructions given in this case, in order to convict Nguyen of attempted murder as an aider and abettor, the jury was required to find he shared Cuong's specific intent to kill. (See *People v. Nguyen* (2015) 61 Cal.4th 1015, 1055-1056 [" ' it is the jury, not the appellate court which must be convinced of the defendant's guilt' "].)

## DISPOSITION

The order denying Nguyen's section 1172.6 petition is affirmed.


O'ROURKE, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.